1

2

3

4

5

6

7

8

9

10

11

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 14-cv-122-WHA |
| Plaintiff, | **FINAL JUDGMENT AS TO DEFENDANT STEVEN NEIL** |
| v. | |
| STEVEN NEIL, | |
| Defendant. | |

12    The Securities and Exchange Commission having filed a Complaint, and defendant

13  Steven Neil ("Defendant") having entered a general appearance; consented to the Court's

14  jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final

15  Judgment without admitting or denying the allegations of the Complaint (except as to

16  jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal

17  from this Final Judgment:

18                                      I.

19    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

20  Defendant's agents, servants, employees, attorneys, and all persons in active concert or

21  participation with them who receive actual notice of this Final Judgment by personal service or

22  otherwise are permanently restrained and enjoined from violating, directly or indirectly,

23  Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)]

24  and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

25  instrumentality of interstate commerce, or of the mails, or of any facility of any national

26  securities exchange, in connection with the purchase or sale of any security:

27        (a)      to employ any device, scheme, or artifice to defraud;

28

(b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by using of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)    to employ any device, scheme, or artifice to defraud;

(b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] by knowingly circumventing a system of internal accounting controls, failing to implement a system of internal accounting controls, or falsifying

1   any book, record, or account described in Paragraph 2 of Section 13(b) of the Exchange Act

2   [15 U.S.C. § 78m(b)(2)].

3                                          IV.

4           IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

5   and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

6   participation with them who receive actual notice of this Final Judgment by personal service or

7   otherwise are permanently restrained and enjoined from violating Rule 13b2-1 of the Exchange

8   Act [17 C.F.R. § 240.13b2-1] by falsifying or causing to be falsified any book, record, or account

9   subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

10                                         V.

11          IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

12  and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

13  participation with them who receive actual notice of this Final Judgment by personal service or

14  otherwise are permanently restrained and enjoined from violating Rule 13b2-2 [17 C.F.R.

15  § 240.13b2-2], directly or indirectly, as an officer or director of an issuer, by—

16          (a)     making or causing to be made a materially false or misleading statement to an

17                  accountant; or

18          (b)     omitting to state, or causing another person to omit to state, any material fact

19                  necessary in order to make a statement made, in light of the circumstances under

20                  which such statements are made, not misleading—

21   to an accountant in connection with a required audit or examination of the financial statements

22  of an issuer, or in connection with the preparation or filing of any document or report required to

23  be filed with the Commission by the issuer.

24                                         VI.

25          IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

26  and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

27  participation with them who receive actual notice of this Final Judgment by personal service or

28  otherwise are permanently restrained and enjoined from violating Rule 13a-14 [17 C.F.R.

1    § 240.13a-14] by signing false or misleading certifications required to be made pursuant to

2    Rule 13a-14 of the Exchange Act.

3                                                        VII.

4          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to

5    Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited, for five

6    (5) years following the date of entry of this Final Judgment, from acting as an officer or director

7    of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act

8    [15 U.S.C. § 78*l*] or that is required to file reports pursuant to Section 15(d) of the Exchange Act

9    [15 U.S.C. § 78o(d)].

10                                                      VIII.

11         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a

12   civil penalty in the amount of $125,000.00 to the Securities and Exchange Commission pursuant

13   to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act

14   [15 U.S.C. § 78u(d)].  Defendant shall make this payment within 14 days after entry of this Final

15   Judgment.

16         Defendant may transmit payment electronically to the Commission, which will provide

17   detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly

18   from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/

19   ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States

20   postal money order payable to the Securities and Exchange Commission, which shall be

21   delivered or mailed to

22         Enterprise Services Center
             Accounts Receivable Branch
23         6500 South MacArthur Boulevard
             Oklahoma City, OK 73169
24

25    and shall be accompanied by a letter identifying the case title, civil action number, and name of

26   this Court; Steven Neil as a defendant in this action; and specifying that payment is made

27   pursuant to this Final Judgment.

28

1    Defendant shall simultaneously transmit photocopies of evidence of payment and case

2  identifying information to the Commission's counsel in this action.  By making this payment,

3  Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part

4  of the funds shall be returned to Defendant.

5    The Commission may enforce the Court's judgment for the civil penalty by moving for

6  civil contempt (and/or through other collection procedures authorized by law) at any time after

7  14 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on

8  any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds,

9  together with any interest and income earned thereon (collectively, the "Fund"), pending further

10 order of the Court.

11    The Commission may propose a plan to distribute the Fund subject to the Court's

12 approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund

13 provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain

14 jurisdiction over the administration of any distribution of the Fund.  If the Commission staff

15 determines that the Fund will not be distributed, the Commission shall send the funds paid

16 pursuant to this Final Judgment to the United States Treasury.

17    Regardless of whether any such Fair Fund distribution is made, amounts ordered to be

18 paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the

19 government for all purposes, including all tax purposes.  To preserve the deterrent effect of the

20 civil penalty, Defendant shall not, after offset or reduction of any award of compensatory

21 damages in any Related Investor Action, argue that he is entitled to, nor shall he further benefit

22 by, offset or reduction of such compensatory damages award by the amount of any part of

23 Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any

24 Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry

25 of a final order granting the Penalty Offset, notify the Commission's counsel in this action and

26 pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the

27 Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall

28 not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes

1  of this paragraph, a "Related Investor Action" means a private damages action brought against

2  Defendant by or on behalf of one or more investors based on substantially the same facts as

3  alleged in the Complaint in this action.

4                                                            IX.

5           IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

6  incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

7  shall comply with all of the agreements set forth therein, including, but not limited to, his

8  agreement to waive and release any and all legal and equitable claims, or any potential causes of

9  action whatsoever, that relate to, or arise out of, any and all of the securities listed in Exhibit A to

10  the Consent.

11                                                           X.

12          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

13  jurisdiction of this matter for the purposes of enforcing the terms of this  Final Judgment for five years.

14

15  Dated:  __February 2____, _2015._

16          _____
                UNITED STATES DISTRICT JUDGE
17

18

19

20

21

22

23

24

25

26

27

28